IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

APRIL WARD                                                                                      PLAINTIFF

v.                        Case No. 1:19-cv-1062

ARKANSAS DEPARTMENT OF
FINANCE AND ADMINISTRATION;
BURT ASHBURN; and STATE OF ARKANSAS             DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss filed by Defendants. ECF No. 13. Plaintiff has filed a response. ECF No. 16. Defendants have filed a reply. ECF No. 22. Plaintiff has filed a sur-reply. ECF No. 23. The motion is ripe for the Court's consideration. For the reasons that follow, the Court finds that Defendants' Motion to Dismiss should be granted.

## I. BACKGROUND

Plaintiff is a black female who was employed by the Arkansas Department of Finance and Administration ("ADFA") in Fordyce, Arkansas. Her supervisor was Burt Ashburn. While on vacation, the ADFA audited Plaintiff's workstation. After conducting the audit, the ADFA concluded that Plaintiff had renewed vehicle tags on a vehicle she owned, which violated the ADFA's policies. The ADFA then terminated Plaintiff and hired a male for her position. Plaintiff alleges that she did not violate any policy and that the ADFA "created falsified documents in order to terminate [her] and replace [her] with a male employee." ECF No. 3, ¶ 11. Plaintiff filed a Charge of Discrimination with the EEOC, and she received her right-to-sue letter on September 16, 2019. ECF No. 3, ¶ 14. On December 16, 2019, Plaintiff filed her complaint with this Court, alleging several employment discrimination claims and a claim for the tort of outrage. Defendants subsequently filed a Motion to Dismiss. ECF No. 13.

Defendants argue that Plaintiff's complaint should be dismissed because: (1) the Title VII claims are untimely; (2) Title VII does not provide for supervisor liability; (3) Plaintiff's complaint does not plausibly allege she was discriminated against on the basis of her gender; (4) Plaintiff fails to state a claim for race discrimination; and (5) Plaintiff fails to state a claim for a hostile work environment.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept as true all factual allegations set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a

whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to present evidence in support of the claim. *See Nusku v. Williams*, 490 U.S. 319, 327 (1989).

### III. DISCUSSION

As an initial matter, the Court must determine whether Plaintiff's Title VII discrimination claims were timely filed in this Court. The Court will then discuss each of Plaintiff's claims in turn.

#### A. Timeliness of Title VII Claims

Defendants contend that Plaintiff failed to commence this action within ninety days of receiving the right-to-sue letter, and thus her Title VII claims are untimely and must be dismissed. A suit filed under Title VII must be brought within ninety days after receipt of the notice of the right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1). Plaintiff claims to have received the right-to-sue letter from the EEOC on September 16, 2019. ECF No. 3, ¶ 14. Ninety days from September 16, 2019, was Sunday, December 15, 2019. Because this date fell on a weekend, Plaintiff had until the next business day—Monday, December 16, 2019—to file her complaint. Fed. R. Civ. P. 6(a)(1)(C). Plaintiff filed her complaint in this Court on December 16, 2019. Therefore, Plaintiff's Title VII claims are timely filed.

#### B. Gender Discrimination

Defendants contend that Plaintiff fails to state a gender discrimination claim under Title VII[1] because the conclusory allegations in her complaint are not supported by factual allegations. Plaintiff

---

[1] It appears that Plaintiff is also attempting to assert an identical gender discrimination claim under the Arkansas Civil Rights Act ("ACRA"). *See* ECF No. 3, p. 2 ("This action is authorized instituted pursuant to . . . the Arkansas Constitution of Civil Rights Act [sic]."). In the instant Motion to Dismiss, Defendants do not address any claims made pursuant to the ACRA. However, courts apply the same standard to discrimination claims arising under Title VII and the ACRA. *See DePriest v. Milligan*, 823 F.3d 1179, 1185 (8th Cir. 2016).

argues that her "gender discrimination claim stands the test for Rule 12(b)(6) determination in that through discovery it is anticipated that she being a female replaced by a male in the same position by the actions of the male has met the necessary requirements to prove and code pleading as this is a code pleading venue not a fact pleading venue." ECF No. 17, p. 2.

Absent evidence of direct discrimination, courts apply the *McDonnell Douglas* burden-shifting analysis to claims of employment discrimination under Title VII. *Bharadwaj v. Mid Dakota Clinic*, 954 F.3d 1130, 1134-35 (8th Cir. 2020). To make out a prima facie case of discrimination under *McDonnell Douglas*, a plaintiff must show that she was a member of a protected class, was qualified for her job, suffered an adverse employment action, and there are facts that give rise to an inference of unlawful gender discrimination. *Wells v. SCI Mgmt., L.P.*, 469 F.3d 697, 701 (8th Cir. 2006). A plaintiff, however, "need not plead facts establishing a prima facie case of discrimination under *McDonnell Douglas* in order to defeat a motion to dismiss" *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2013), Nevertheless, elements of a prima facie case are relevant to a plausibility determination and are part of the background against which a plausibility determination should be made. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016). In sum, when considering whether a plaintiff sufficiently states an employment discrimination claim, a court should apply the "ordinary rules for assessing the sufficiency of [the] complaint." *Hager*, 735 F.3d at 1014 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)).

Rule 8(a) requires the complaint to contain a "short and plain statement of the claim showing" Plaintiff "is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give [Defendants] fair notice of what [Plaintiff's] claim is and the grounds upon which it rests." *Hager*, 735 F.3d at 1014 (quoting *Swierkiewicz*, 534 U.S. at 512.) Further, a complaint must plead enough facts to state a claim to relief that is plausible on its face. *Hager*, 735 F.3d at 1014 (citing *Twombly*,

550 U.S. at 570). "Legal conclusions can provide the framework of a complaint but must be supported by factual allegations that raise a right to relief above the speculative level." *Id.* (internal quotations omitted) (quoting *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 555)).

In *Hager*, the Eighth Circuit held that the district court erred in denying a motion to dismiss plaintiff's gender discrimination claim[2] where plaintiff made "only two conclusory allegations of gender discrimination: (1) she 'is a victim of gender discrimination;' and (2) she 'was discharged under circumstances summarily [sic] situated nondisabled males . . . were not.'" *Id*. at 1015. The Court noted that the plaintiff did not allege any gender-related comments or conduct before her termination or facts showing that similarly situated employees were treated differently. *Id*. The Court held that the plaintiff's "conclusory assertion that she was discharged under circumstances similarly situated men were not imports legal language couched as a factual allegation and fails to raise a right to relief above the speculative level." *Id*.

Following *Hager*, other courts in this circuit have found that plaintiffs' complaints did not state a plausible race or gender discrimination claim where they contained only general allegations that other unidentified white and male employees were given different treatment. *See, e.g.*, *Dixon v. Ark. Dep't of Human Servs.*, No. 4:14-cv-00295 JLH, 2014 WL 5093833, at *2 (Dixon's complaint, which generally concludes that his white co-workers were treated differently than he was, fails to "allege facts such as names, positions or job duties, to support these conclusions"); *Weaver v. Hobbs*, No. 2:13-cv-00048 SWW, 2013 WL 6634005, at *2 (E.D. Ark. Dec. 17, 2013) ("Weaver . . . does not identify allegedly comparable employees by name, position, or job duty, does not identify the circumstances under which they were disciplined differently, does not describe the time frame within

---

[2] In *Hager*, the plaintiff's gender discrimination claim was based on the denial of equal protection under 42 U.S.C. § 1983. The Court notes that the same standard applies to a § 1983 claim based on a violation of equal protection and a Title VII discrimination claim. *DePriest*, 823 F.3d at 1185.

5

which the events occurred, and does not name the decision makers involved.").

Like the complaint in *Hager*, Plaintiff's complaint contains conclusory assertions that fail to raise a right to relief above the speculative level. She states that Defendants engaged in "unlawful employment practices involv[ing] subjecting [her] to termination and disparaging treatment different than her co-workers in the form of creating falsified documents in order to terminate the plaintiff and replace her with a male employee." ECF No. 3, ¶ 11. She also makes the general statement that "[t]he unlawful practices include . . . disparate treatment because of her gender as a female as reflected by the [sic] replacing her with a less qualified male co-worker." ECF No. 3, ¶ 16. These conclusory allegations of gender discrimination are not supported by any facts establishing their plausibility. Plaintiff does not allege any gender-related comments or conduct before her termination. Plaintiff does not identify any comparators and does not allege facts showing that any similarly situated male employees were treated differently. Thus, the complaint fails to provide fair notice to Defendants of the gender discrimination claim and the grounds upon which it rests. Accordingly, this claim must be dismissed.

### C. Race Discrimination Claims

Defendants argue that Plaintiff's race discrimination claims should be dismissed because she fails to allege in her complaint that she was discharged or discriminated against on the basis of her race. In response, Plaintiff states that she "is a black female and something would be apparent once discovery has begun." ECF No. 17, p. 3.

The only mention of race in the complaint is when Plaintiff refers to herself as a "black female." ECF No. 3, ¶ 13. Her complaint contains no race-based allegations. Plaintiff fails to allege any facts that would support an inference that the termination of her employment was based on her race. There are simply no allegations or facts in the complaint that support a basis on which a

reasonable inference of racial discrimination can be drawn. Thus, the Court must dismiss Plaintiff's race discrimination claims.[3]

### D. Hostile Work Environment

Defendants argue that Plaintiff has not plausibly alleged a hostile-work-environment claim. In response, Plaintiff states that "something would be apparent once discovery has begun as for [the] hostile work environment . . . claim" and that it is "sufficiently pled to survive a 12(b) motion." ECF No. 17, p. 3.

Title VII provides, in relevant part, that an employer may not "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a). A successful hostile-work-environment claim under Title VII must show that: (1) the plaintiff belongs to a protected group; (2) the plaintiff experienced unwelcome harassment; (3) there was a causal link between the harassment and the plaintiff's membership in the protected group; and (4) the harassment affected a term, condition, or privilege of employment. *Beard v. Flying J, Inc.*, 266 F.3d 792, 797 (8th Cir. 2001).

Plaintiff's complaint sparsely states that Defendants created and "conduct[ed] a hostile work environment by generating false and unwarranted reports." ECF No. 3, ¶ 16. This is the only reference to a hostile work environment in the complaint. Notably, Plaintiff does not allege that she was subjected to harassment based on her gender, and her complaint is devoid of any facts that support a plausible gender-based hostile-work-environment claim. Accordingly, the hostile-work-

---

[3] Although unclear to the Court, it appears that Plaintiff is attempting to assert race discrimination claims pursuant to Title VII, 42 U.S.C. §1981, and ACRA. *See* ECF No. 3, ¶ 4 ("This action is authorized pursuant to § 706(f)(1) and (3) Title 7 of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000(f)(1)(3) and Title [S]even of § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) as well as common law tort of outrage of the Arkansas Constitution of Civil Rights Act [sic] formally codified at [Ark. Code. Ann.] § 16-123-101."). Race discrimination claims under all three statutes are evaluated identically. *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 902 (8th Cir. 2015). Because the analysis is the same, so too is the outcome.

environment claim must be dismissed.[4]

### E. Outrage

Plaintiff asserts a one-sentence claim for the tort of outrage, which Defendants contend is not adequately alleged. The complaint summarily states, "The [D]efendants are [sic] actions are outrageous in nature and give rise to the Civil Tort of Outrage as defined by case law in the State of Arkansas." ECF No. 3, ¶ 17. However, "[m]erely describing certain conduct as outrageous does not make it so under Arkansas law." *Kelley v. Georgia-Pacific Corp.*, 300 F.3d 910, 912 (8th Cir. 2002) (citing *Renfro v. Adkins*, 323 Ark. 288, 914 S.W.2d 306, 312 (1996)). Plaintiff's complaint does not make any allegations that plausibly allege a claim of outrage. Accordingly, this claim must be dismissed.

### IV. CONCLUSION

For the reasons stated above, the Court finds that all of Defendant's claims should be dismissed.[5] Accordingly, Plaintiff's Motion to Dismiss (ECF No. 13) is **GRANTED**, and her complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, on this 16th day of July, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] If Plaintiff is attempting to bring a hostile work environment claim under ACRA, it must also be dismissed. Title VII and ACRA utilize the same analytical framework for hostile-work-environment claims. *Henderson v. Simmons Foods, Inc.*, 217 F.3d 612, 615 n.3 (8th Cir. 2000).

[5] Because the Court is dismissing all claims, it is not necessary for the Court to address Defendants' argument that the Title VII claims against Separate Defendant Burt Ashburn should be dismissed because Title VII does not provide for supervisor liability.